Pam Kohli Jacobson, WSBA #31810
Nicholas Lenning, WSBA #54740
Ryan W. Edmondson, WSBA #41651
K&L GATES LLP
925 4th Ave., Suite 2900
Seattle, WA 98104
Telephone: 206-903-8800
Facsimile: 206-623-7022

HONORABLE THOMAS OWEN RICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| REVELRY VINTNERS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MACKAY RESTAURANT MANAGEMENT GROUP, INC., FIRE & VINE HOLDINGS, LLC, and YELLOWHAWK RESORT WW, LLC,<br><br>Defendants. | Case No. : 4:21-CV-5110-TOR<br><br>STIPULATED AMENDED PROTECTIVE ORDER |

1.  **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, trade secret, or private information for which special protection may be warranted. Accordingly, the parties hereby agree to and petition the court to enter the following Proposed Protective Order. This Order does not confer blanket protection on all disclosures or responses to discovery; the protection it affords from

505925759.1

STIPULATED AMENDED PROTECTIVE ORDER
[4:21-CV-05110-TOR] - 1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles; it does not presumptively entitle parties to file confidential information under seal.

2. <u>"CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" MATERIAL</u>

2.1    "Confidential" material shall include information that is not publicly available, the disclosure of which could cause harm to the disclosing party. Such information includes, but is not limited to, the following documents and tangible things produced or otherwise exchanged: sales information and other financial data; private account information of third parties; vendor information and pricing; confidential business communications and agreements with third parties; information or materials that identify potential or current customers or vendors of a party; and marketing and business strategies.

2.2    "Highly Confidential - Attorneys' Eyes Only" material shall include information that the party believes is of such an extremely sensitive or secret nature that disclosure of such information to any other party or non-party reasonably poses the risk of competitive injury and may compromise and/or jeopardize its business interests even if protected by a Confidential designation.

3. <u>SCOPE</u>

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

505925759.1

STIPULATED AMENDED PROTECTIVE ORDER
[4:21-CV-05110-TOR] - 2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.   ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

   4.1   Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

   4.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose confidential material only to:

   (a)   the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

   (b)   up to three individuals who are officers, directors, and/or employees of the receiving party to whom disclosure is reasonably necessary for this litigation, unless a particular document or material produced is for Attorneys' Eyes Only and is so designated;

   (c) experts and consultants to whom disclosure is reasonably necessary for this litigation, provided that: (1) such experts or consultants are not presently employed by or serving as an independent contractor, vendor, or consultant for the parties hereto for purposes other than this action; (2) before access is given, the

505925759.1

STIPULATED AMENDED PROTECTIVE ORDER
[4:21-CV-05110-TOR] - 3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

consultant or expert has signed, completed, and agreed to the "Acknowledgment and Agreement to Be Bound" (Exhibit A) attached hereto and the same is served upon the producing party with a current curriculum vitae of the consultant or expert. If the producing party does not object within ten business days, the party may give access to the disclosed consultant or expert. If the producing party timely objects to disclosure of confidential material to the consultant or expert, the parties shall promptly confer and use good faith to resolve any such objection. If the parties are unable to resolve any objection, the objecting party may file a motion with the court within ten (10) days of its objection, or within such other time as the parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or court order. Notwithstanding the above, no discovery shall be had of any expert or consultant disclosed under the provisions of this paragraph unless and until such person is designated as a testifying expert witness under Fed. R. Civ. P. 26(a) (2);

  (d) the court, court personnel, and court reporters and their staff, provided that court reporters must execute Exhibit A attached hereto;

  (e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

  (f) during his/her deposition, a witnesses in the action, after he/she/they execute Exhibit A hereto, if (1) the witness is a current employee, officer, director, or Fed. R. Civ. P. 30(b)(6) designee of the producing party, or (2) the document

505925759.1

STIPULATED AMENDED PROTECTIVE ORDER
[4:21-CV-05110-TOR] - 4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

shows on its face that the witness is the author, addressee, or copy recipient of the document, or if other evidence establishes that she has previously reviewed it. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

    (g)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the Exhibit A hereto;

    (h)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

    (i)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, provided he/she/they execute Exhibit A hereto.

    (j)    For confidential material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," access to, and disclosure of, such material shall be limited to individuals listed in paragraphs 4.2(a) and (c), (d), (e), (f), (g), (h), and (i).

    4.3 <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.

505925759.1

STIPULATED AMENDED PROTECTIVE ORDER
[4:21-CV-05110-TOR] - 5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to, when reasonable to do so, limit any such designation to specific material that qualifies under the appropriate standards. Whenever feasible, the designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word

505925759.1

STIPULATED AMENDED PROTECTIVE ORDER
[4:21-CV-05110-TOR] - 6

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

"CONFIDENTIAL" (or, as applicable, "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties may identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. The designating party shall have up to 15 days from the date the deposition transcript is received for the designating party to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within 15 days from the date the deposition transcript is received by counsel for the designating party shall be covered by the provisions of this stipulated protective order. Until the expiration of the 15 days from the date the deposition transcript is received by counsel for the designating party, the entire transcript shall be treated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

(c) <u>Exception to (b)</u>: if a party or non-party wishes to use or disclose any portion of the transcript as if not designated under this Protective Order prior to the expiration of the 15-day period, that party shall email the designating party to request whether the designating party objects to the use or disclosure of that portion (which may include up to the entire transcript). The designating party shall have one business day to respond to the request. If the designating party fails to respond within one business day, the requested portion of the transcript shall not be treated as either

505925759.1

STIPULATED AMENDED PROTECTIVE ORDER
[4:21-CV-05110-TOR] - 7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(d) <u>Use of designated information at trial</u>: if a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(e) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Order for such material. Upon notice of an inadvertent failure to designate, the receiving party must take all reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

505925759.1

STIPULATED AMENDED PROTECTIVE ORDER
[4:21-CV-05110-TOR] - 8

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

6.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations in a timely manner and without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or

505925759.1

STIPULATED AMENDED PROTECTIVE ORDER
[4:21-CV-05110-TOR] - 9

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in the parties' proposed e-discovery order, which is incorporated herein by reference, or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

505925759.1

STIPULATED AMENDED PROTECTIVE ORDER
[4:21-CV-05110-TOR] - 10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

10.     <u>TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

11.     <u>THIRD PARTIES</u>

To the extent that any discovery is taken of persons who are not parties to this action ("Third Parties"), and in the event that such Third Parties contend that the discovery sought involves trade secrets, confidential business information, or other proprietary information, such Third Parties may produce confidential materials pursuant to this Order. The Third Parties shall have ten (10) days after production of such documents, information, or other materials to make a designation under this Order. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Order.

505925759.1

STIPULATED AMENDED PROTECTIVE ORDER
[4:21-CV-05110-TOR] - 11

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

12. <u>MISCELLANEOUS</u>

    12.1   <u>Right to Further Relief</u>: Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    12.2   <u>Right to Assert Other Objections</u>: By agreeing to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

505925759.1

STIPULATED AMENDED PROTECTIVE ORDER
[4:21-CV-05110-TOR] - 12

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

IT IS SO AGREED, THROUGH COUNSEL OF RECORD.

Dated this <u>18th</u> day of July, 2022

| DAVIS WRIGHT TREMAINE LLP | K&L GATES LLP |
|---|---|
| By: <u>/s/ John Goldmark</u> | By: <u>/s/ Pam K. Jacobson</u> |

 John Goldmark, WSBA #40980
Rachel Herd, WSBA #50339
Rose McCarty, WSBA #54282
920 Fifth Avenue, Suite 3300 Seattle, WA 98104-1610
Telephone: 206.622.3150
Facsimile: 206.757.7700
johngoldmark@dwt.com
rachelherd@dwt.com
rosemccarty@dwt.com

Attorneys for Plaintiff

Pam K. Jacobson, WSBA #31810
Nicholas Lenning, WSBA #54740
Ryan W. Edmondson, WSBA #41651
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Telephone:  (206) 623-7580
Facsimile: (206) 623-7022
pam.jacobson@klgates.com
nicholas.lenning@klgates.com
ryan.edmondson@klgates.com

Attorneys for Defendants Mackay Restaurant Management Group, Inc. and Fire & Vine Holdings, LLC

PREG O'DONNELL & GILLETT PLLC

By <u>/s/ Daniel W. Rankin</u>
Daniel W. Rankin, WSBA #49673
901 Fifth Ave., Suite 3400
Seattle, WA 98164-2026
Telephone: (206) 287-1775
Facsimile: (206) 287-9113
drankin@pregodonnell.com

Attorneys for Defendant Yellowhawk Resort WW, LLC

505925759.1

STIPULATED AMENDED PROTECTIVE ORDER
[4:21-CV-05110-TOR] - 13

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

# ORDER

PURSUANT TO AGREEMENT FOR PROTECTIVE ORDER, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: August 4, 2022.



_____
Thomas O. Rice
United States District Judge

505925759.1

STIPULATED AMENDED PROTECTIVE ORDER
[4:21-CV-05110-TOR] - 14

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Eastern District of Washington on [date] in the case of *Revelry Vintners, LLC, v. Mackay Restaurant Management Group, Inc.*, et al.. Case No. 4:21-cv-05110-TOR. I agree to comply with, and to be bound by, all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Washington for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action. In the even I am not a resident or citizen of Washington, I hereby appoint _____[print or type full name] of _____ [print or type full address and telephone number] as my Washington agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

505925759.1

STIPULATED AMENDED PROTECTIVE ORDER
[4:21-CV-05110-TOR] - 15

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022