UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| REVELRY VINTNERS, LLC,<br><br>                         Plaintiff,<br><br>         v.<br><br>MACKAY RESTAURANT<br>MANAGEMENT GROUP, INC.;<br>FIRE & VINE HOLDINGS, LLC; EL<br>GAUCHO BELLEVUE, LLC; EL<br>GAUCHO PORTLAND, LLC; EL<br>GAUCHO SEATTLE, LLC; EL<br>GAUCHO TACOMA, LLC; EL<br>GAUCHO VANCOUVER, LLC;<br>WILSON MACKAY 1, LLC;<br>WATERFRONT, LLC; DENIM<br>HOSPITALITY LLC; WALLA<br>WALLA STEAK CO, LLC; WALLA<br>WALLA STEAK CO<br>WOODINVILLE, LLC; T-POST<br>TAVERN WW LLC; and<br>YELLOWHAWK RESORT WW,<br>LLC,<br><br>                         Defendants. | NO. 4:21-CV-5110-TOR<br><br>ORDER DENYING PRELIMINARY<br>INJUNCTION AND GRANTING IN<br>PART AND DENYING IN PART<br>PLAINTIFF'S MOTION TO SEAL |

ORDER DENYING PRELIMINARY INJUNCTION AND GRANTING IN
PART AND DENYING IN PART PLAINTIFF'S MOTION TO SEAL ~ 1

1    BEFORE THE COURT is Plaintiff's Motion for Preliminary Injunction

2    (ECF No. 98) and Motion to Seal Declaration in Support of Motion (ECF No.

3    105).  These matters were submitted for consideration without oral argument. The

4    Court has reviewed the record and files herein and is fully informed.  For the

5    reasons discussed below, Plaintiff's Motion for Preliminary Injunction (ECF No.

6    98) is DENIED and Motion to Seal Declaration in Support of Motion (ECF No.

7    105) is GRANTED in part and DENIED in part.

8                                    **BACKGROUND**

9           This request for preliminary injunction and to unseal related portions of

10   the record arise out a claim for trademark infringement.  Plaintiff, a Walla Walla

11   Washington based winery, which has been using the mark "REVELRY" since its

12   founding in 2005 and gained official trademark rights in 2009.  ECF Nos. 98 at 6,

13   100-1 at 2.  Plaintiff later named its flagship red wine "THE REVELER" which it

14   began selling in 2009 and gained a trademark for in 2020.  *Id*., 100-2 at 2.  Plaintiff

15   began its business relationship with Defendant Mackay Restaurant Management

16   Group, in 2011, selling Defendant wines for its affiliated restaurants.  *Id.,* ECF No.

17   120 at 5.  Defendant later expanded its group to Walla Walla in 2018, and Plaintiff

18   continued to supply its wines.  ECF No. 98 at 7.  The parties' recitation of facts

19   diverges at this point.

20

ORDER DENYING PRELIMINARY INJUNCTION AND GRANTING IN
PART AND DENYING IN PART PLAINTIFF'S MOTION TO SEAL ~ 2

1    Plaintiff asserts that in late 2018, it learned that Defendant was operating a

2  restaurant dining and loyalty program called the "Revelers Club," and in 2019

3  discovered that Defendant was selling "Revelers Red" wine and "Revelers'"

4  branded whiskey.  ECF No. 98 at 7.  After speaking with Defendant, Plaintiff

5  states that it was under the impression that both sides had come to an

6  understanding that Defendant would cease using the mark.  *Id*.  However, Plaintiff

7  asserts that in 2021, Defendant acquired a winery, named Yellowhawk Resort, less

8  than mile from Plaintiff.  *Id*.  As part of this expansion, Plaintiff asserts that

9  Defendant expanded the "Revelers Club" to Yellowhawk Resort and used the

10  Reveler(s) mark to promote and sell its own wine.  *Id*.  In 2022, Plaintiff asserts

11  that Defendant took infringement even further by starting a dedicated Revelers

12  Club wine club, called SIP with a "REVELER" tier.  *Id*.  As part of this expansion,

13  Defendant began selling Revelers-branded wine related merchandise, and gift

14  cards.  *Id*. at 8.

15    Defendant, which brands itself as the largest purchaser of wine in

16  Washington State, contends that it initially launched its "Revelers Club" rewards

17  program in 2012.  ECF No. 120 at 5.  The Revelers Club now contains fourteen

18  properties and 154,000 members.  *Id*.  According to Defendant, the Revelers Club

19  was initially launched as a mechanism to support and promote the local wine

20  industry through Defendant's affiliated restaurants.  *Id*. at 6.  Defendant argues that

1    Plaintiff was fully aware of the Revelers Club over the course of their business

2    relationship.  *Id.*  Further, it maintains that the agreement between itself and

3    Plaintiff over the use of the mark amounted to Defendant's ability to sell the

4    remaining inventory of "revel" labeled wine and thereafter cease use on alcohol

5    beverage labels, but that the agreement did not include any mention of the Revelers

6    Club.  *Id.* at 6–7.

7        Plaintiff commenced this lawsuit on July 29, 2021.  ECF No. 1.  Since that

8    time, there has been extensive motions practice, in which Plaintiff has amended its

9    complaint twice, and the Court has issued seven scheduling orders.  Plaintiff now

10   seeks a preliminary injunction against all Defendants on the basis that the use of

11   the mark is causing confusion among customers and industry professionals.  ECF

12   No. 98 at 8.  Defendant opposes on the basis that Plaintiff is not likely to succeed

13   on the merits and the request for injunction is untimely.  ECF No. 120 at 7.

14   Plaintiff replied.  ECF No. 133.

15       Plaintiff also seeks to unseal ECF Nos. 99-16, 99-17, 99-18, and 99-23,

16   which Defendant has sealed under a "Confidential" and "Highly Confidential –

17   Attorney's Eyes Only," label.  ECF No. 105 at 2.  Defendant responded, requesting

18   the Court maintain the seal.  ECF No. 115 at 2.

19

20

ORDER DENYING PRELIMINARY INJUNCTION AND GRANTING IN
PART AND DENYING IN PART PLAINTIFF'S MOTION TO SEAL ~ 4

# DISCUSSION

## I.    Preliminary Injunctions Standard

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–32 (9th Cir. 2011).

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. "[P]laintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *All. for the Wild Rockies*, 632 F.3d at 1131.

The Ninth Circuit has also developed a "sliding scale approach," which balances the elements of the *Winter* test. *Id.* Under this approach, ""a preliminary injunction could issue where the likelihood of success is such that 'serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor.'" *Id.* (quoting *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003)); *see also Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012) ("We have also articulated an alternate formulation of the

1    *Winter* test, under which serious questions going to the merits and a balance of

2    hardships that tips sharply towards the plaintiff can support issuance of a

3    preliminary injunction, so long as the plaintiff also shows that there is a likelihood

4    of irreparable injury and that the injunction is in the public interest." (internal

5    quotation marks and citation omitted)).

6         A preliminary injunction can either be prohibitory or mandatory.  *Marlyn*

7    *Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 878 (9th Cir.

8    2009).  A prohibitory injunction preserves the status quo which is the "last,

9    uncontested status which preceded the pending controversy."  *Id*. at 879.  A

10   mandatory injunction "orders a responsible party to take action."  *Id*. at 878.

11   Mandatory injunctions are disfavored and require a higher showing that the "facts

12   and law clearly favor the moving party."  *Garcia v. Google*, 786 F.3d 733, 740 (9th

13   Cir. 2015).  Plaintiff requests the Court enjoin Defendant to cease use of

14   derivatives of "Revel," and therefore is seeking a mandatory injunction.

                    A.  Likelihood of Success on the Merits

15

16        Plaintiff asserts that will succeed on the merits of the case, given the

17   required showing for trademark infringement: (1) it owns a valid trademark, and

18   that (2) it shows the defendant's mark is likely to cause confusion.  15 U.S.C. §

19   1114(1); *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp*., 174 F.3d 1036, 1046

20   (9th Cir. 1999).  Plaintiff has demonstrated that it has owned a trademark for

ORDER DENYING PRELIMINARY INJUNCTION AND GRANTING IN
PART AND DENYING IN PART PLAINTIFF'S MOTION TO SEAL ~ 6

REVELRY since 2009 and THE REVELER since 2020.  ECF Nos. 100-1 and 100-2.  It filed for each mark in 2008 and 2017, respectively.  ECF No. 100 at 2.

Plaintiff must also demonstrate a likelihood of consumer confusion by a showing of: (1) the strength of the mark; (2) defendant's use of the mark; (3) the similarity of the marks; (4) evidence of actual confusion; (5) defendant's intent; (6) marketing channels; (7) degree of customer care; and (8) likelihood of expansion. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979), *abrogated in part, on other grounds recognized by Mattel, Inc. v. Walking Mountain Prods*., 353 F.3d 792, 810 n.19 (9th Cir. 2003).  These are nonexclusive factors, and a party need not incorporate all factors to make a requisite showing for injunction. *Surfvivor Media, Inc. v. Survivor Prods*., 406 F.3d 625, 631 (9th Cir. 2005).

## 1. Strength of the Mark

Trademarks are generally categorized as generic (the least distinctive), descriptive, suggestive, and arbitrary or fanciful (the most distinctive).  *Two Pesos, Inc. v. Taco Cabana, Inc*., 505 U.S. 763, 768, (1992).  "The more distinctive a mark, the greater its conceptual strength; in other words, a mark's conceptual strength is proportional to the mark's distinctiveness."  *M2 Software, Inc., a Delaware corporation v. Madacy Ent., a corporation*, 421 F.3d 1073, 1080 (9th Cir. 2005).  Plaintiff argues that the REVELRY and REVELER mark are each strong because the company has invested a great deal of capital into protecting the

ORDER DENYING PRELIMINARY INJUNCTION AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO SEAL ~ 7

marks and for marketing of the overall wine brand.  ECF No. 98 at 9–10.  Further,

Plaintiff argues that because the marks are at least arbitrary, in that "revel" is a

common word that invokes celebration, and thus the marks are entitled to a

stronger protection.  *Id*.  In support of this notion, Plaintiff offers the history of the

company's award-winning wines as evidence of strength in the mark.  *Id*.; *see M2*

*Software, Inc., a Delaware corporation*, 421 F.3d at 1081 (internal citations

omitted) ("A mark's overall strength is relative and cannot be determined by

mechanistically assessing its conceptual or commercial strengths.  Our court has

previously recognized that a suggestive or descriptive mark, which is conceptually

weak, can have its overall strength as a mark bolstered by its commercial

success.").

Defendant asserts that Plaintiff's marks are weak, as evidenced by the fact

that the words "revelry" and "reveler" are associated with celebrations surrounding

wine, and therefore should be classified as "suggestive" on the spectrum of

trademark strength.  ECF No. 120 at 12.  Further, Defendant contends that

Plaintiff's failure to police the use of the mark for "over a decade" weakens the

identification function of the mark.  *Id*.  "Use of similar marks by third-party

companies in the relevant industry weakens the mark at issue." *M2 Software, Inc.,*

*a Delaware corporation v. Madacy Ent., a corporation*, 421 F.3d 1073, 1088 (9th

Cir. 2005); see also *Arcona, Inc. v. Farmacy Beauty*, LLC, 976 F.3d 1074, 1081

(9th Cir. 2020) (holding that evidence common use of a phrase in the beauty

industry underscored that a mark held by a beauty and skincare company

containing the phrase was not so "unique or strong").  While Plaintiff contends that

it learned about Defendant's infringement in 2018, evidence in the record suggests

that it was understood Defendant may have been infringing for much longer by

reference to the fact the Plaintiff had attempted to acquire the trademark for

"Reveler" but were "blocked."  ECF No. 121-1 at 26.  Plaintiff's inaction against

Defendant in protection of "Reveler(s)" indicates that the mark is weak.

> 2. *Use of the Mark, Similarity in Mark, Parties Use of Identical Channels,*
> *and Evidence of Actual Confusion.*

"Where goods are related or complementary, the danger of consumer

confusion is heightened."  *E. & J. Gallo Winery v. Gallo Cattle Co*., 967 F.2d

1280, 1291 (9th Cir. 1992).  Defendant and Plaintiff operate in related industries

and use derivatives of "revel" in relation to similar spaces.  They both advertise

wine through email distributions, social media, and wine events.  ECF No. 98 at

12.  Plaintiff contends that although Defendant has paused labelling wine with the

REVELERS name, it has nevertheless expanded the use of REVELERS to include

advertising for its restaurants and winery, using the name on wine menus in

affiliated restaurants, and launching a wine club with a REVELERS tier, which

also sells competing wine labels.  ECF No. 98 at 10.  Further, Plaintiff contends

ORDER DENYING PRELIMINARY INJUNCTION AND GRANTING IN
PART AND DENYING IN PART PLAINTIFF'S MOTION TO SEAL ~ 9

that the actual use of the REVELERS logo is nearly identical to that of REVELRY

and THE REVELER.  Both appear, according to Plaintiff, with lettering in bold

font and dark colors, few or no serifs, and sound similar.  ECF No. 98 at 11.

Outside of the name itself, Defendant's physical wine bottle labels[1]  are notably

[1]





different from Plaintiff's award winning label.[2] ECF Nos. 100 at 5, 100-3 at 5.

However, the name and its relation to the alcohol-driven industry, could reasonably

be thought to be misleading.

This use by Defendants has caused actual confusion according to Plaintiff.

Customers, industries professionals, and members of Defendant's staff have

experienced confusion due to the similarity in name and proximity in industry.

ECF No. 98 at 11.  However, proving actual confusion is difficult, and courts have

---

[2]





REVELRY_003801

ORDER DENYING PRELIMINARY INJUNCTION AND GRANTING IN
PART AND DENYING IN PART PLAINTIFF'S MOTION TO SEAL ~ 11

1    often discounted such evidence because it was unclear or insubstantial.  *AMF Inc.*,

2    599 F.2d at 352 (internal citation omitted).  Here, Plaintiff has a handful of

3    instances where retail customers and industry members have considered "the

4    Revelers Club" an extension of Plaintiff's company.  ECF Nos. 99 at 7, 9, ¶ 7 b–d,

5    ¶ 9a, 101 at 2–3, 102 at 2.  Together, these sub-factors weigh in favor of finding for

6    confusion, albeit weakly.

7        *3.  Defendant's Intent*

8        Plaintiff contends that Defendant Mackay intentionally used REVELERS

9    knowing it infringed on REVELRY's mark, as Plaintiff had notified Defendant

10   about the infringement.  ECF No. 98 at 12.  Plaintiff further argues that Defendant

11   should have been on notice that promoting a wine club and selling wine with a

12   similar name, in a small wine-based community like Walla Walla, would likely

13   expose consumers to confusions.  *Id.*  Defendant offers that Plaintiff concedes that

14   there was no infringement, as Revelry wines were offered in connection to the

15   Revelers Club when the two entities were in business together.  ECF No. 120 at 13.

16   Neither argument is persuasive as to the intent of Defendant, and thus this sub-

17   factor weighs neutrally.

18       *4.  Degree of Consumer Care*

19       In general, the expectation how reasonably prudent a consumer is depends

20   on the circumstance, but typically courts find that individuals are more likely to be

ORDER DENYING PRELIMINARY INJUNCTION AND GRANTING IN
PART AND DENYING IN PART PLAINTIFF'S MOTION TO SEAL ~ 12

discerning when making expensive purchases.  *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp*., 174 F.3d 1036, 1060 (9th Cir. 1999).  Items like wine and cheese have historically been deemed inexpensive, and therefore consumers are likely to exercise less care.  *Id*. (quoting *E. & J. Gallo Winery*, 967 F.2d at 1293).  Plaintiff contends that their potential customers have been confused by the similarity in marks, given the nature of the wine market.  ECF No. 98 at 13.

Defendant contends that the risk of consumers confusion decreases when wine costs more than $14.  ECF No. 120 at 13; *see also Sazerac Co., Inc. v. Fetzer Vineyards, Inc*., 265 F. Supp. 3d 1013, 1038 (N.D. Cal. 2017), aff'd, 786 F. App'x 662 (9th Cir. 2019).  This argument is more persuasive as to the Defendant's use of "revel" derivatives on wine bottles, though it is noted that consumers of wine would likely be alerted to the difference between the award-winning variety produced by Plaintiff.  ECF No. 98 at 10.  However, it may be difficult for consumers to distinguish between Plaintiff's wine and Defendant's use of "revelers" as it relates to wine-adjacent business opportunities, such as wine clubs.

### 5.  Likelihood of Expansion

Plaintiff presents evidence of Defendants' continued expansion, including the addition of the wine club with a "REVELERS" tier, acquisition of a winery, and selling wine and other alcohol in Walla Walla establishments without Plaintiff's wine.  ECF No. 98 at 13.  Defendant argues that both entities operate in

separate spheres, and therefore, presumptively, any risk of expansion would be negligible.  ECF No. 120 at 13.  The Court does not agree that the fields each party operates in are entirely separate, and therefore this factor weighs in favor of finding confusion.

It is not overwhelmingly clear that Plaintiff would succeed on the merits. However, tipping the scales in favor of Plaintiff, and using the sliding scale approach, the analysis continues.  *Farris*, 677 F.3d at 864.

## B. Irreparable Harm Absent Relief

Plaintiff has not demonstrated that it would suffer irreparable harm absent relief, and its inaction weighs against granting a preliminary injunction.  "A preliminary injunction is sought upon the theory that there is an urgent need for speedy action to protect the plaintiff's rights.  By sleeping on its rights, a plaintiff demonstrates the lack of need for speedy action."  *Lydo Enterprises, Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) (quoting *Gillette Co. v. Ed Pinaud, Inc.*, 178 F.Supp. 618, 622 (S.D.N.Y.1959); *accord Manhattan State Citizens' Group, Inc. v. Bass*, 524 F.Supp. 1270, 1275–76 (S.D.N.Y.1981)).  Further, a delay in bringing a motion for a preliminary injunction can undercut a party's argument for irreparable harm.  *Garcia v. Google, Inc.*, 786 F.3d 733, 746 (9th Cir. 2015).

Plaintiff contends that Defendant's continued use of its trademark will further dilute the Revelry brand, and thus it faces irreparable harm absent relief.

ORDER DENYING PRELIMINARY INJUNCTION AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO SEAL ~ 14

ECF No. 98 at 14.  However, as Defendant point out, this action has been pending since July 29, 2021, and evidence in the record suggests that Plaintiff has known about the infringement for much longer.  ECF No. 120 at 7.  While the Court accepts Plaintiff's contention that discovery uncovered areas of use of the mark that were previously unknown, Plaintiff still offers no explanation for why, over two and half years later, it faces the kind of "urgent need for speedy action," that a preliminary injunction provides.  ECF No. 133 at 5.  The crux of this matter is Defendant's alleged encroachment on Plaintiff's trademark, thereby diluting the Revelry brand, and thus Plaintiff has not shown the irreparable harm suddenly faced after the extensive motion practice involved in this lawsuit.

### C. Balance of Equities

Similarly, Plaintiff's argument as to the balance of equities hinges on potential consumer confusion related to Defendant's use of "revel" derivatives, but this was evident at the outset of this suit.  ECF No. 98 at 14.  In contrast, Defendant assert that should injunctive relief be granted, it faces economic loss and disruption in operation.  ECF No. 120 at 14.  Based on the information before the Court, it does not appear that the balance of equities weighs in favor of Plaintiff given the late date in seeking a preliminary injunction.

### D. Public Interest

"In each case, courts must balance the competing claims of injury and must

ORDER DENYING PRELIMINARY INJUNCTION AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO SEAL ~ 15

consider the effect on each party of the granting or withholding of the requested

relief." *Winters*, 555 U.S. at 24 (internal quotation marks and citation omitted).

The Court will not grant a preliminary injunction unless the public interests in

favor of granting an injunction "outweigh other public interests that cut in favor of

not issuing the injunction." *All. for the Wild Rockies*, 632 F.3d at 1138.  Plaintiff

argues that the balance of hardship tips in its favor because allowing Defendants to

continue infringement would result in further confusion.  ECF No. 98 at 14.

Further, Plaintiff argues that enforcing a trademark is in the public interest.  ECF

No. 133 at 11 (quoting *Am. Rena Int'l Corp. v. Sis-Joyce Int'l Co.*, 534 F. App'x

633, 636 (9th Cir. 2013)).  Defendant argues customers would face "public

consequences" if an injunction is granted.  ECF No. 120 at 14.  Precedent in the

Ninth Circuit supports the public interest in protecting consumers from confusion

as it relates to similar marks.  *Am. Rena Int'l Corp.,* 534 F. App'x at 636; *Internet

Specialties W., Inc. v. Milon–DiGiorgio Enterprises, Inc.*, 559 F.3d 985, 993 (9th

Cir.2009); *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1066

(9th Cir. 1999).  On the other hand, "delay weakens a claim of likelihood of

confusion, because the public may learn to distinguish between similar marks over

time, so that any real likelihood of confusion gradually dissipates." *Grupo Gigante

SA De CV v. Dallo & Co.*, 391 F.3d 1088, 1104 (9th Cir. 2004) (internal citation

omitted).  In weighing the public interest, it does not appear that preventing further

ORDER DENYING PRELIMINARY INJUNCTION AND GRANTING IN
PART AND DENYING IN PART PLAINTIFF'S MOTION TO SEAL ~ 16

customer confusion is outweighed by the significant amount of time Defendants have used the mark.  Thus, this factor also does not support a grant of injunction.

With Plaintiff's likelihood of success on the merits weighs weakly in its favor, and the remaining three factors, irreparable harm faced, balance of equities, and public interest, weighs against it, the Court declines to grant a preliminary injunction.

## II.    <u>Motion to Seal</u>

In support of the motion a preliminary injunction, Plaintiff seeks to unseal ECF Nos. 99-16, 99-17, 99-18, and 99-23 (sealed at ECF No. 104).  ECF Nos. 103 and 105 at 2.  Defendant has designated these documents as sealed under "Confidential" and "Highly Confidential – Attorney's Eyes Only," pursuant to the labelling outlined in the Court's Stipulated Amended Protective Order:

> 2.1 "Confidential" material shall include information that is not publicly available, the disclosure of which could cause harm to the disclosing party. Such information includes, but is not limited to, the following documents and tangible things produced or otherwise exchanged: sales information and other financial data; private account information of third parties; vendor information and pricing; confidential business communications and agreements with third parties; information or materials that identify potential or current customers or vendors of a party; and marketing and business strategies.

> 2.2 "Highly Confidential - Attorneys' Eyes Only" material shall include information that the party believes is of such an extremely sensitive or secret nature that disclosure of such information to any other party or non-party reasonably poses the risk of competitive injury and may compromise and/or jeopardize its business interests even if protected by a Confidential designation.

ORDER DENYING PRELIMINARY INJUNCTION AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO SEAL ~ 17

ECF No. 48 at 2.

As a preliminary matter, parties stipulated to maintaining the "High Confidential – Attorney's Eyes Only," sealed labelling for ECF No. 99-23 (Exhibit W).  However, after meeting to confer, Plaintiff seeks to unseal ECF Nos. 99-16, 99-17, and 99-18.  ECF No. 105 at 4.

The Ninth Circuit distinguishes between dispositive and non-dispositive motions when determining the standard to apply for sealing and unsealing portions of the record.  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  To maintain the sealed status of records related to dispositive motions, a party must show that "compelling reasons" exist to maintain the secrecy of the records.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point."  *Id.* at 1178 (quoting *Foltz*, 331 F.3d at 1135).  "[T]he strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments."  *Id*. at 1179 ("[R]esolution of a dispute on the merits . . . is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events.") (internal quotation marks and citation omitted).  "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order."  *Id*. (citation

ORDER DENYING PRELIMINARY INJUNCTION AND GRANTING IN
PART AND DENYING IN PART PLAINTIFF'S MOTION TO SEAL ~ 18

1  omitted).

2        However, a "good cause" showing under Rule 26(c) will suffice to seal

3  documents produced in discovery or in relation to non-dispositive motions.  *Id*. at

4  1180.  "[This] less exacting 'good cause' standard applies to private materials

5  unearthed during discovery, and to previously sealed discovery attached to a

6  nondispositive motion."  *Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir.

7  2014) (internal quotation marks and citation omitted).  As the Ninth Circuit has

8  explained, "the public has less of a need for access to [these court records] because

9  [they] are often unrelated, or only tangentially related, to the underlying cause of

10  action."  *Id*. (quoting *Kamakana*, 447 F.3d at 1179).

11        While the Ninth Circuit has not drawn a definitive line between what

12  constitutes a dispositive versus non-dispositive motion, it has determined that the

13  crux of the issue is "whether the motion at issue is more than tangentially related to

14  the underlying cause of action."  *Ctr. for Auto Safety v. Chrysler Grp*., LLC, 809

15  F.3d 1092, 1099 (9th Cir. 2016) (collecting cases).  A preliminary injunction often

16  requires a court to address the merits of a case, and often includes evidence

17  produced in the record.  *Id*. (citing *Stormans v. Selecky*, 586 F.3d 1109, 1127 (9th

18  Cir. 2009)).  Thus, a preliminary injunction may be, but is not always, dispositive.

19        Here, the preliminary injunction would effectively be dispositive as the

20  motion required the Court to consider the merits of the claim.  As such, the burden

ORDER DENYING PRELIMINARY INJUNCTION AND GRANTING IN
PART AND DENYING IN PART PLAINTIFF'S MOTION TO SEAL ~ 19

is on the Defendant as the party sealing ECF Nos. 99-16, 99-17, and 99-18, to

produce a compelling reason to maintain the seal. *Kamakana*, 447 F.3d at 1178.

In support of sealing ECF No. 99-16 (Exhibit P), Defendant asserts that the

document contains confidential and non-public information regarding a vendor.

ECF No. 115 at 4. However, the Court finds nothing inherently private about the

communication as it seemingly deals with the internal review of a decorative or

branding seal under Defendants' umbrella of brands. ECF No. 104-1 at 2–3.

Defendant does not assert that the seal itself is protected information. ECF Nos.

115 at 5, 116 at 2, ¶ 4. In the interest of protecting vendor identity, ECF No. 99-16

(Exhibit P), shall be unsealed on the condition that all identifying information as it

relates to vendors, including vendor name and contact information, be redacted.

In support of sealing ECF No. 99-17 (Exhibit Q), Defendant asserts that it

contains confidential and non-public information with one of its vendors

surrounding the marketing and planning of an event. ECF No. 115 at 4. The Court

finds, pursuant to Federal Rule of Civil Procedure 26(c)(1)(G), that exposing the

information contained in ECF No. 99-17 would amount to disclosing commercial

information. ECF No. 104-2 at 2–4. Therefore, ECF No. 99-17 (Exhibit Q) shall

remained sealed.

In support of sealing ECF No. 99-18 (Exhibit R), Defendant asserts that it

contains confidential and non-public information with one of its investors in

Yellowhawk Resort.  ECF No. 115 at 5.  However, the Court again finds nothing

inherently private about the communication other than the investor's name and

contact information.  ECF No. 104-3 at 2–3.  In the interest of protecting the

investor's privacy ECF No. 99-18 (Exhibit R), shall be unsealed on the condition

that the name, contact information, and all other defining features, including the

email signature block, of the investor be redacted.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

ORDER DENYING PRELIMINARY INJUNCTION AND GRANTING IN
PART AND DENYING IN PART PLAINTIFF'S MOTION TO SEAL ~ 21

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Preliminary Injunction (ECF No. 98) is **DENIED**.

2. Plaintiff's Motion to Unseal (ECF No. 105) is **GRANTED in part** and **DENIED in part**.

   a. ECF No. 99-16 (Exhibit P) shall be unsealed pursuant to a redaction of the vendor's name and contact information.

   b. ECF No. 99-17 (Exhibit Q) shall remain sealed.

   c. ECF No. 99-18 (Exhibit R) shall be unsealed pursuant to a redaction of the investor's name, contact information, and all other identifying features.

   d. Pursuant to the parties' agreement, ECF No. 99-23 (Exhibit W) shall remain sealed.

   e. Defendant shall redact ECF Nos. 99-16 and 99-18 consistent with this Order and re-file the redacted documents on the record on or before **March 7, 2024**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED February 29, 2024.



THOMAS O. RICE
United States District Judge

ORDER DENYING PRELIMINARY INJUNCTION AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO SEAL ~ 22